IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DON N. BERRY                                                                   PLAINTIFF/APPELLANT

V.                                                                        CIVIL ACTION NO. 3:04CV188

TRAVIS JOHN VOLBRACHT                                              DEFENDANT/APPELLEE

**MEMORANDUM OPINION**

This cause comes before the court on appeal from the October 6, 2003, order of the United States Bankruptcy Court for the Northern District of Mississippi which found dischargeable a debt in the form of a default judgment in state court owed to the appellant by the appellee. Upon due consideration, the court is ready to rule.

Factual and Procedural Background

Don Berry's claim against Travis Volbracht arises from an incident which occurred at Volbracht's residence on August 4, 2001. Volbracht was entertaining friends when Berry, who had been drinking, arrived as an uninvited guest. Berry left the party but later returned with some friends. On Berry's second trip to Volbracht's home, Berry's son began jumping and dancing on the hood of Berry's car, causing the people at the party to laugh at him. Berry claims that rocks were being thrown at his car, and he became enraged. Berry threatened to fight guests at the party and at some point charged toward Volbracht who then struck Berry. One of the invited guests drove Berry home.

Volbracht was found guilty of simple assault in justice court. Berry filed suit against Volbracht in the Circuit Court of Yalobusha County, Mississippi, and a default judgment was eventually entered against Volbracht.

Volbracht filed Chapter 7 bankruptcy and sought to discharge his debt to Berry. The Bankruptcy Court found the debt dischargeable. Berry subsequently appealed to this court.

Standard of Review

The applicable standard of review in a bankruptcy appeal is the same as that applied by the Court of Appeals when reviewing a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *Killebrew*, 888 F.2d at 1519. Conclusions of law are reviewed *de novo*. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

Analysis

Debts which are not dischargeable in bankruptcy are outlined in 11 U.S.C. § 523. The section provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

The appellant urged the bankruptcy court to give preclusive effect to a justice court conviction against Volbracht for simple assault, and the court refused. The court examined Section 97-3-7 of the Mississippi Code, which defines simple assault, and found that the statute makes no mention of the words "malicious" or "malice." The court noted that no trial record or specific findings of fact were made by the justice court in finding Volbracht guilty of the misdemeanor. "As such," the court stated, "there is nothing that this court can rely on to support a determination at this time that the defendant's conduct was willful and malicious, as contemplated by Section 523(a)(6) of the Bankruptcy Code."

The bankruptcy court relied on *Kawaauhau v. Geiger*[1] to find that Volbracht's actions were not "willful and malicious" as contemplated by the statute. In *Kawaauhau*, the United States Supreme Court established guidelines for determining whether a debt arises from a willful and malicious injury. The Court concluded that Section 523(a)(6) applies to "acts done with the actual intent to cause injury," and excludes intentional acts which cause injury. *Kawaauhau*, 523 U.S. at 61, 118 S. Ct. at 977. "The section's word 'willful' modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely . . . a deliberate or intentional *act* that leads to injury." *Id.* The Fifth Circuit, applying the Supreme Court's holding in *Kawaauhau*, has held that the debt is dischargeable unless the debtor acted with "objective substantial certainty or subjective motive" to inflict injury. *Miller v. J.D. Abrams, Inc.*, 156 F.3d 598, 603 (5th Cir. 1998). The court noted that "[m]erely because a tort is classified as intentional does not mean that any injury caused by the tortfeasor is willful." *Miller*, 156 F.3d at 604. The *Miller* court then examined the meaning of "malicious" and concluded that Section 523(a)(6) creates an "implied malice standard." *Id.* at 605. To act with implied malice, the debtor must act "with the actual intent to cause injury." *Id.* at 606. "For willfulness and malice to prevent discharge under Section 523(a)(6), the debtor must have intended the actual injury that resulted." *Texas v. Walker*, 142 F.3d 813, 823 (5th Cir. 1998) (citing *In re Delaney*, 97 F.3d 800, 802 (5th Cir. 1996)). The *Kawaauhau* Court expressly rejected a broader construction of Section 523(a)(6) that would render nondischargeable debts from unintended or unanticipated injuries caused by intentional acts. *Kawaauhau*, 523 U.S. at 62, 118 S. Ct. at 977.

---

[1] 523 U.S. 57, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998).

The bankruptcy court found that, although Volbracht intended to strike Berry, he did not do so with malice as contemplated by Section 523(a)(6) and the case law interpreting that statute. This court finds that the bankruptcy court was not clearly erroneous in its findings of fact. Further, after a *de novo* review of the relevant law, the court finds that the bankruptcy court meticulously and accurately interpreted and applied the law to the facts of this case.

## Conclusion

For the foregoing reasons, this court affirms the bankruptcy court's finding that Volbracht's debt to Berry is dischargeable. A separate order in accord with this opinion shall issue this day.

This, the 21st day of March, 2006.

/s/ Neal Biggers

_____

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**